[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for damages for personal injuries sustained in an automobile accident which the plaintiff alleges occurred on or about June 1, 1992. The defendant served a request for production on the plaintiff seeking a copy of the statement of an eyewitness, Bruce Post ("Post"). Plaintiff objected to this request on the grounds that the statement was prepared in anticipation of litigation.[1] At oral argument, the plaintiff represented that it had given to the defendant Post's name, address, and telephone number, and argued that the defendant could thereby, without undue hardship, obtain a substantially equivalent statement. The defendant represented that it had made numerous attempts to contact Post, but he had not responded. Defendant also claimed it was entitled to the statement made nearest to the time of the accident.
Pursuant to Practice Book § 219, a party may obtain discovery of materials prepared in anticipation of litigation CT Page 1303 only upon a showing of "substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent by other means."
Neither the Appellate nor the Supreme Court have addressed the question presented; however, all of the Superior Court decisions addressing this issue have required production of nonparty witness statements. These decisions hold that eyewitness statements are essential to a party in preparing his/her case; a party clearly has substantial need of them. Wilks v. Town ofRidgefield, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 211099 (10 C.L.T. No. 8, p. 17, October 28, 1983; Ishikawa v. McDonald, Superior Court, judicial district of New Haven at New Haven, Docket No. 176935 (7 C.L.T. No. 3, p. 11, January 5, 1981). Further, if a witness gives two accounts of the same event, one near the time of the event and one substantially later in time, the later account is not the "substantial equivalent" of the prior. "A statement of an eyewitness is a particularly fresh account of a person's perception which often cannot be duplicated from a later memory."Lopez v. Transportation General, Inc., Superior Court, judicial district of Middlesex at Middletown, Docket No. CV-930070336S (11 C.L.R. 387, 388, April 14, 1994) quoting Hecht v. City ofMilford, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV90-031781S (3 C.L.R. 506, 507, April 25, 1991); accord Bevilacqua v. Novak, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. CV93-0456291 (10 C.L.R. 403, November 19, 1994); Wilks, supra, 10 C.L.T. No. 8, 18; Ishikawa, supra, 7 C.L.T. No. 3, 11. In the present action, there is no question that the defendant has substantial need of the statement in question. Post's statement is critical to the preparation of the defendant's case. The present action is based on an automobile accident which cannot be recounted or documented in any way other than through the accounts of witnesses. Also, the account of a neutral, nonparty witness may be especially valuable.
Furthermore, although the plaintiff has disclosed Post's name, address, and telephone number, obtaining an independent statement would cause the defendant undue hardship. The defendant represented that it has tried numerous times to contact the witness, by telephone and by mail, but has received no response. The court in Bevilacqua v. Novak, supra, 10 C.L.R. 403, found that this constituted undue hardship. Similarly, in Wilks v. Townof Ridgefield, supra, 10 C.L.T. No. 8, 17, Judge (now Justice) CT Page 1304 Berdon ordered the defendant to produce a copy of an eyewitness's statement based in part on the plaintiff's representation that the witness refused to give a statement to the plaintiff.
Finally, according to all of the foregoing decisions, any statement the defendant may be able obtain directly from Post would not be the substantial equivalent of the prior statement Post gave the plaintiff. Although neither party specified precisely when Post gave his statement, at oral argument the defendant represented — and the plaintiff did not contest — that Post gave his statement to the plaintiff much closer to the date of the accident than he might now give a statement to the defendant.[2] Thus, Post's recollection of the accident was presumably fresher when he spoke to the plaintiff and that statement therefore presumably the more accurate and detailed. Even if the defendant were to obtain a separate statement, it would not have the benefit of Post's fresher, more detailed and accurate recollection of the accident. All of the foregoing decisions hold that under these circumstances, the defendant would not be obtaining a substantially equivalent statement. "A statement of an eyewitness is a particularly fresh account of a person's perception which often cannot be duplicated from a later memory." Lopez v. Transportation General, Inc., supra,11 C.L.R. 387, 388, quoting Hecht v. City of Milford, supra, 3 C.L.R. 56, 507. Judge Jones' decision in Hecht v. City of Milford, supra,3 C.L.R. 506, is particularly persuasive. In that case, the court ordered the plaintiff to produce an eyewitness' statement even though the defendant had deposed the witness. See also Wilks,
supra, 10 C.L.T. No. 8, 18; Ishikawa, supra, 7 C.L.T. No. 3, 12.
The defendant has satisfied the requirements of Practice Book § 219 for discovery of materials prepared in anticipation of litigation. The defendant's motion to compel production of Post's statement is granted; the plaintiff's objection is overruled.[3]
D'ANDREA, J.